# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**SYTERIA HEPHZIBAH,**
a.k.a Highly Favored Shekinah El,

    Plaintiff,

vs.                                                         Case No. 4:23cv106-WS-MAF

**JODY PHILLIPS, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a document to this Court entitled "Declaration and Demand for Full Restitution," indicating Plaintiff's intention to initiate a civil case in this Court. ECF No. 1. Plaintiff has filed approximately twelve cases in federal court[1] and is well aware of the

---

[1] In addition to this case, Plaintiff also filed: case # 3:2016cv00248, filed in the Middle District of Florida on 03/15/2016, dismissed on 03/21/2016; case # 3:2016mc00062, filed in the Middle District of Florida on 12/16/2016, dismissed on 01/05/2017; case # 3:2019mc00029 was filed in the Middle District of Florida on 09/27/2019, dismissed on 11/08/2019; case # 4:2018cv00523, filed in the Northern District of Florida on 11/09/2018, was dismissed on 01/02/2019; case # 4:2020cv00250 was filed in the Northern District of Florida on 05/07/2020, and dismissed on 07/28/2020; case # 4:2020cv00281 was filed in the Northern District of Florida on 05/27/2020, dismissed on 08/14/2020; case # 4:2022cv00161 was filed in the Northern District of Florida on 04/18/2022, dismissed on 08/22/2022; case # 3:2017cv00440 was filed in the Middle District of Florida on 04/13/2017, dismissed on 05/03/2017; case # 3:2017cv00881 was

requirement to pay the filing fee or file an in forma pauperis motion, but has not done so in the three months since she sought to initiate this case.

Initially, the Court notes that the "declaration" is not submitted on a proper complaint form as required by Local Rule 5.7(A). Additionally, the document includes a multitude of attachments which span over one hundred pages. That also does not comply with the Rules of this Court. Local Rule 5.7(B) limits a petition, motion, or complaint to no more than 25 pages, unless the Court authorizes it. Plaintiff's submission is not authorized.

Moreover, the Federal Rules of Civil Procedure direct that a "civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Plaintiff's "declaration" is not a proper complaint, violates the Rules of this Court, and cannot be used to initiate a case in this Court.

As noted above, Plaintiff's failure to pay the filing fee for this case or file a motion for leave to proceed in forma pauperis provides another reason to summarily dismiss this case. Plaintiff's assertion that she is the

---

filed in the Middle District of Florida on 08/01/2017, dismissed on 09/20/2017; case # 3:2017mc00020 was filed in the Middle District of Florida on 09/20/2017 and dismissed on that same day; case # 3:2022cv01154 was filed in the Middle District on 10/26/2022 and dismissed on 11/08/2022.

"Highly Favored Shekinah El," a natural person and Moorish American, does not exempt her from compliance with 28 U.S.C. § 1915. That statute requires either the payment of the filing fee or the filing of an affidavit which permits the courts of the United States to authorize the commencement of a civil case without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). The affidavit must "state the nature of the action . . . and affiant's belief that the person is entitled to redress." *Id.* Plaintiff has not done so and provides no basis to exempt Plaintiff from the requirement to pay the filing fee.

While this Court often provides additional time for a Plaintiff to correct the deficiencies outlined above, it does not appear that Plaintiff should be given such an opportunity. Plaintiff's many attachments submitted with her "declaration," reveal that just 17 months ago, after a hearing before the Honorable Judge Karen Specie, Plaintiff was deemed to be a vexatious litigant in the United States Bankruptcy Court for the Northern District of Florida. *See* ECF No. 1 at 100-115 (case number 20-40375). Judicial notice is also taken that because of Plaintiff's "abusive and disruptive litigation" practices, she was enjoined from filing cases in the Middle District of Florida as well. Case number 3:22cv1154-MMH-JBT was dismissed

pursuant to the injunction entered by United States District Judge Timothy Corrigan in case number 3:17mc20-TJC-JBT.  Pursuant to that injunction, Plaintiff could not file a case in either the Middle District of Florida or the Fourth Judicial Circuit Court in and for Duval County, Florida, unless she obtained prior approval from the Court.  Plaintiff violated the injunction at least three times.  *See* ECF No. 7, case # 3:22cv1154.   Having been barred from that Court, Plaintiff has now turned her attention to this Court.  Her most recent civil case was dismissed less than a year ago on August 8, 2022.  ECF No. 14 of case # 4:22cv161-WS-MJF.  Plaintiff filed an appeal of that dismissal which was dismissed as frivolous on February 14, 2023.  ECF No. 23 of that case.  She has initiated this case just a month later.

    However, Plaintiff's case initiating document is patently frivolous, as her other cases in this Court have been.  *See*, e.g., case # 4:18cv523-MW-EMT, ECF No. 5.  There is no reason to provide additional time for Plaintiff to either file an in forma pauperis motion or pay the filing fee when her "declaration" provides no factual basis to sue the six court clerks named in this case: Duval County Clerk John Phillips, District Court Clerk Elizabeth Warren, Bankruptcy Court Clerk Traci E. Abrams, District Court Clerk

Jessica Lyublanovits, Leon County Clerk Gwen Marshall, or Eleventh Circuit Court Clerk David J. Smith. Plaintiff asserts she is a "Moorish American national under the consular jurisdiction of the Consulate General of Morocco at the Florida state republic for the protection and enforcement of" a treaty between the United States and the Moroccan Empire. ECF No. 1 at 3. The vague and fictitious claims are based on her contention that the Defendants are "acting as de facto corporate" of the courts at which they are employed. *Id.* at 5. No facts are alleged to support the conclusory claims of "fraud and breach of trust / breach of fiduciary duty . . . ." *Id.* at 6; *see also* pgs. 10-12. Even liberally construed as a "complaint," Plaintiff's case initiating "declaration" is frivolous and this case should be summarily dismissed without prejudice. Should Plaintiff desire to once again file a civil complaint in this Court, Plaintiff must simultaneously pay the filing fee or file an in forma pauperis motion.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute because Plaintiff did not pay

Case No. 4:23cv106-WS-MAF

the filing fee or submit an in forma pauperis motion, and because the case initiation document is insufficient.

**IN CHAMBERS** at Tallahassee, Florida, on June 13, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**